# Alford et al. v. Shaw et al.
## May 19, 1950.

### Ray L. Murphy, Judge.

Howell W. Vincent and George J. Schaefer for appellants.

Malcolm R. Rhoads for appellees.

JUDGE LATIMER—Affirming.

Appellants, Warren Alford, William Witte, and Ray Ahrman, instituted this action below seeking to enjoin appellees from refusing to transport their children to the California School, a point of embarkation to a County high school. The defendants below were members of the Campbell County Board of Education and three of their regular bus drivers.

Upon the filing of their petition, plaintiffs sought and obtained a temporary restraining order, and also moved for a temporary injunction. They afterwards filed and amended petition.

The court sustained defendants' general demurrer. However, it was stipulated that the temporary restraining order should remain in force until September 27, 1948.

Plaintiffs then filed their second amended petition.

Demurrer to this second amendment was overruled. Demurrer was then interposed to the petition as finally amended, and, as part of the demurrer, affidavit of the County School Superintendent was filed. In his affidavit the Superintendent stated that, by order of the State Board of Education, the Campbell County Board abolished the Jolly Memorial High School at California. In addition to other statements, it was stated in the affidavit that the defendants had theretofore agreed to transport the children to the Campbell County High School at Alexandria; and that no one of the three children is enrolled in any high school in the jurisdiction of the Campbell County Board.

The court overruled the demurrer to the petition as finally amended and sustained the motion for a temporary injunction. Defendants declining to plead further, the petition was dismissed.

It is readily observable that we have somewhat of a muddled record. In the first place, it appears that the pleadings are lacking in definiteness and the judgment as entered is a bit mystifying. The temporary injunction was granted and the petition dismissed upon defendants' refusal to plead further. No doubt, the parties hereto treated the granting of this temporary injunction as a final order, in fact a permanent injunction. We shall treat it so.

As stated above, it is difficult to ascertain exactly what was in the minds of the parties or the Court. Although there is nothing clear or explicit, we gather from the record that if these children had been registered and attending the Alexandria High School, no question would have arisen. It appears from the scanty record before us, and unchallenged statements in the briefs, that these children in question desired to be transported to California, the point of embarkation to the Alexandria High School, where, instead of transferring to the County buses transporting students to the Alexandria High School, they desired to and did provide their own transportation from this point of embarkation to another high school of their choice.

We conclude that the court correctly overruled the demurrer to the petition and enjoined appellees from refusing to transport these children to California, which

is the point to which they admittedly would have transported them on their way to the Alexandria School.

The judgment is affirmed.